UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.T. SUTTON,

        Plaintiff,

                              Civil Case No. 16-cv-10949
v.                             Honorable Linda V. Parker

BLASIE GLENNIE, L. SCHUMACHER,
G. WILSON, HOPKINS,

        Defendants.
_____/

**OPINION AND ORDER REJECTING PLAINTIFF'S AND DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleges violations of his rights under the First, Eighth, and Fourteenth Amendments based on his loss of a prison job, transfer to a different facility, and the physical harm inflicted upon him by a fellow prisoner. On September 9, 2016, Defendants filed a motion for summary judgment. (ECF No. 25.) The matter has been assigned to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (ECF No. 8.)

On August 11, 2017, Magistrate Judge Davis issued a Report and Recommendation ("R&R") in which she recommends that this Court grant in part and deny in part Defendants' motion. (ECF. No. 31.) Magistrate Judge Davis first

concludes that Plaintiff exhausted his administrative remedies with respect to his

claims that Defendants retaliated against him by transferring him to another prison

facility and that Defendants failed to heed his requests for a cell change before his

cellmate assaulted him.  (*Id*. at 12.)  Magistrate Judge Davis finds, however, that

Plaintiff did not exhaust his administrative remedies with respect to his claims

related to his prison job.  (*Id*. at 13-14.)

Turning to the merits of Plaintiff's retaliation claim, Magistrate Judge Davis

concludes that he does not allege an adverse action sufficient to support the claim.

(*Id*. at 16-18.)  With respect to Plaintiff's negligence claim, which is set forth along

with his retaliation claim in count three of his Complaint, Magistrate Judge Davis

first notes that this state law theory of liability is not developed.  (*Id*. at 18-19 n.2.)

For that reason and because Magistrate Judge Davis concluded that no material

issues remain on Plaintiff's retaliation theory, she recommends that the Court also

dismiss his state law negligence claim.  (*Id.*)  Magistrate Judge Davis concludes,

however, that Plaintiff presents sufficient facts to support his Eighth Amendment

claim against Defendants Wilson and Hopkins, but not Defendant Schumacher.

(*Id*. at 20-23.)

At the conclusion of the R&R, Magistrate Judge Davis informs the parties of

their right to file objections.  Defendants filed objections to the R&R on August

25, 2017.  (ECF No. 32.)  Plaintiff filed objections to the R&R on August 31,

2017, which Plaintiff signed and dated on August 24, 2017.  (ECF No. 33.)

## Standard of Review

When objections are filed to a magistrate judge's R&R on a dispositive

matter, the court "make[s] a de novo determination of those portions of the report

or specified proposed findings or recommendations to which objection is made."

28 U.S.C. § 636(b)(1).  The court, however, "is not required to articulate all of the

reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942,

944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to

certain conclusions of the R&R waives any further right to appeal on those issues.

*See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.

1987).  Likewise, the failure to object to certain conclusions in the magistrate

judge's R&R releases the court from its duty to review independently those issues.

*See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## Objection & Analysis

Defendants assert one objection to the R&R.  Specifically, Defendants argue

that Magistrate Judge Davis erred in concluding that Plaintiff exhausted his

administrative remedies with respect to his Eighth Amendment claim against

Defendants Schumacher and Hopkins.  Defendants maintain that Plaintiff did not

allege any misconduct by Defendant Schumacher in his grievance or appeals and did not allege any misconduct by Defendant Hopkins until his Step III appeal.

Magistrate Judge Davis concluded that Plaintiff failed to state a claim against Defendant Schumacher. Therefore, the Court finds it unnecessary to address Defendants' objection as to him. With respect to Defendant Hopkins, the Court disagrees with Defendants that Plaintiff did not allege misconduct by him until his Step III appeal. When he filed Grievance 14-01-0206-17i, Plaintiff indicated and attached a copy of the letter he sent to Defendant Hopkins requesting a cell change. (ECF No. 25-3 at Pg ID 123, 127.) The Step I Grievance Response reflects that the investigator understood Plaintiff to be grieving conduct by Defendant Hopkins, as well as Defendant Wilson. (*Id*. at Pg ID 125.)

Plaintiff objects to Magistrate Judge Davis' recommendation to dismiss his state law negligence claim. (ECF No. 33.) Plaintiff contends that he did not address this claim in response to Defendants' summary judgment motion because Defendants themselves did not address the claim. Plaintiff objects to Magistrate Judge Davis' characterization of his claim as a retaliation claim. Plaintiff asserts that he is basing his state law negligence claim only on Defendants' failure to protect him from his cellmate's assault. Even when liberally construed, however, Plaintiff states his "negligence" claim in count three of his Complaint as based only on the facts supporting his retaliation claim. (*See* ECF No. 1 at Pg ID 10.)

Nowhere in the Complaint does Plaintiff assert a negligence claim based on Defendants' alleged failure to protect him from his cellmate's attack. The Court therefore rejects Plaintiff's objection to Magistrate Judge Davis' analysis of his negligence claim.

## Conclusion

For these reasons, the Court rejects the parties' objections to Magistrate Judge Davis' August 11, 2017 R&R. The Court, therefore, adopts the magistrate judge's recommendations in the R&R.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** in that: (a) Plaintiff's claims alleging a First Amendment violation and retaliation/negligent tort are dismissed with prejudice; (b) Plaintiff's Eighth Amendment claim against Defendant Schumacher, only, is dismissed with prejudice; and (3) Defendants Glennie and Schumacher are dismissed without prejudice.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 13, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 13, 2017, by electronic and/or

U.S. First Class mail.

s/ R. Loury
Case Manager