UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.T. SUTTON,

    Plaintiff,

v.

    Civil Case No. 16-cv-10949
    Honorable Linda V. Parker

BLASIE GLENNIE, L. SCHUMACHER,
G. WILSON, HOPKINS,

    Defendants.
_____/

# OPINION AND ORDER REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S JUNE 20, 2018 ORDER AND AFFIRMING ORDER

This matter is presently before the Court on Plaintiff's objections to Magistrate Judge Stephanie Dawkins Davis' June 20, 2018 order denying his request for the appointment of new counsel.

## Background

Plaintiff, a Michigan prisoner, initiated this pro se civil rights action pursuant to 42 U.S.C. § 1983 on March 15, 2016. Plaintiff's claims arise from an assault on him by a fellow inmate, which he alleges resulted from Defendants' deliberate indifference to a known risk of harm to him from this inmate. After Plaintiff's Eighth Amendment claim against Defendants Wilson and Hopkins

survived summary judgment (*see* ECF No. 34), Plaintiff moved for the appointment of counsel.[1]

Magistrate Judge Stephanie Dawkins Davis, to whom the case is assigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), granted Plaintiff's motion and appointed attorney Daniel Manville to represent Plaintiff on October 26, 2017. (ECF No. 8.) However, Attorney Manville filed a motion to withdraw as Plaintiff's counsel on March 29, 2018, citing a breakdown in communication and trust. (ECF No. 45.) Attorney Manville filed the motion after receiving a motion drafted and signed by Plaintiff, requesting the withdrawal of Attorney Manville's representation. (*Id.* ¶ 1; *see also* ECF No. 45-1.)

In Plaintiff's motion (which Attorney Manville attached to his motion, but which the Court also received directly from Plaintiff on May 10, 2018), Plaintiff claimed that Attorney Manville had not taken meaningful steps to litigate the matter and showed no interest in going to trial or seeking justice for Plaintiff. (ECF No. 45-1 ¶ 3; ECF No. 49 ¶ 3.) Plaintiff referenced a March 6, 2018 letter from Attorney Manville, which Plaintiff asserted revealed counsel's express desire to withdraw. (*Id.*) Attorney Manville did not include the letter with his motion to

---

[1] On Magistrate Judge Davis' recommendations, the Court granted summary judgment in favor of Defendants on Plaintiff's remaining claims and Defendants Glennie and Schumacher were terminated as parties. (*See* ECF No. 34.)

withdraw; however, Plaintiff did attach the letter, which was subsequently sealed as it reflected privileged attorney-client communications.

On May 10, 2018, Magistrate Judge Davis held a hearing with respect to Attorney Manville's motion to withdraw as counsel and issued a bench order granting the motion. (ECF No. 48.) As indicated, on the same date, the Court received directly from Plaintiff the motion to withdraw that he drafted and signed. (ECF No. 49.) In the motion, Plaintiff also asked the Court for a new attorney and expedited consideration of his request.

On June 20, 2018, Magistrate Judge Davis issued an order granting Plaintiff's request for expedited consideration, but denying his motion for appointment of counsel. (ECF No. 56.) Magistrate Judge Davis writes that, as discussed with Plaintiff at the May 10, 2018 hearing, there is no constitutional right to counsel in a civil case. (*Id*. at Pg ID 410, citing *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).) Magistrate Judge Davis indicates that she is declining to exercise her permissive authority to appoint a new attorney to represent Plaintiff in light of several factors. These include the fact that an attorney previously was appointed to represent Plaintiff, the length the case has been pending, and the reasons for the requested withdrawal of Attorney Manville, which Magistrate Judge Davis found "do not portend a successful relationship with any attorney"

3

and suggest a "lack of appreciation for the ethical standards governing attorneys who practice before the court." (*Id*. at Pg ID 411-12.)

At the conclusion of the order, Magistrate Judge Davis informs the parties that they may object to and seek review of the order within fourteen days of service upon them. (*Id*. at Pg ID 413.) On July 12, 2018, this Court received objections from Plaintiff, which are dated (although not signed) July 3, 2018. (ECF No. 59.)

**Standard of Review**

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

**Objection & Analysis**

In his objections, Plaintiff contends that Attorney Manville's statements concerning his representation are false and harm Plaintiff's interests, specifically in that they have tainted Magistrate Judge Davis' view of the merits of Plaintiff's lawsuit and his entitlement to counsel. Plaintiff argues that counsel is necessary to insure that he receives a fair trial.

Plaintiff fails to demonstrate that Magistrate Judge Davis' decision was erroneous. As Magistrate Judge Davis indicated, there is no right to counsel in a civil case. *Lanier*, 332 F.3d at 1006 (citing *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993)). Appointment of counsel "is justified only in exceptional circumstances." *Id.* There are no exceptional circumstances in this case. Without the assistance of counsel, Plaintiff was at least partially successful in defending against Defendants' motion for summary judgment and has been able to effectively communicate and file requests in this action. It is not an unusually complex case.

Accordingly, the Court rejects Plaintiff's objections to Magistrate Judge Davis' June 20, 2018 order and **AFFIRMS** that decision.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 2, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 2, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager