UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.T. SUTTON,

    Plaintiff,

                                                    Civil Case No. 16-cv-10949
v.                                            Honorable Linda V. Parker

BLASIE GLENNIE, L. SCHUMACHER,
G. WILSON, and HOPKINS,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REFUND

On March 15, 2016, Plaintiff filed this civil rights action against Defendants pursuant to 42 U.S.C. § 1983. On September 13, 2017, the Court dismissed Plaintiff's claims against Defendants Glennie and Schumacher without prejudice. (ECF No. 34.) On July 12, 2019, the Court granted summary judgment to Defendant Hopkins and dismissed her as a party. Plaintiff and Defendant Wilson (i.e., the only remaining defendant) thereafter reached a settlement agreement, which was placed on the record before Magistrate Judge Stephanie Dawkins Davis on September 12, 2019. On September 13, 2019, this Court entered a stipulated order dismissing the case with prejudice "and without costs or attorney fees pursuant to the terms of the parties' settlement agreement and release." (ECF No.

81.) Plaintiff has now filed a motion for a refund of the filing fee he paid in this case based on the stipulated order. (ECF No. 83.)

The stipulated order, however, does not entitle Plaintiff to a refund of the filing fee. Instead, the order provides only that neither party is responsible for the opposing party's costs or attorney fees. Under 28 U.S.C. § 1915, the court is required to collect a filing fee from a prisoner filing a civil action, even if full payment is not made at the time of filing. 28 U.S.C. § 1915(a)(2), (b)(1). Further, "[t]he Judicial Conference [of the United States] has a longstanding policy prohibiting the refund of fees, with narrow exceptions, e.g., when fees are collected without authority or as a result of administrative error on the part of the clerk's office." *See Rashada v. Gonzales*, No. 1:07-CV-1055, 2007 WL 1795873, at *1 (N.D. Ohio June 20, 2007) (quoting JCUS-MAR 05, p. 11). As the district court indicated in *Rashada*: "Indeed, the Conference's current policy regarding refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding." *Id.* (citing JCUS-MAR 49, p. 202).

Here, although Plaintiff's Complaint has been resolved, the case was not filed in error. The filing fee was not collected without authority or due to administrative error. Plaintiff filed the action to seek relief and, presumably, obtained satisfactory relief through the settlement agreement.

2

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Refund (ECF No. 83) is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: October 22, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 22, 2019, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager